IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR426 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| JAMES L. BENNETT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Defendant's motions to reduce his sentence as a result of Amendment 706 to the crack cocaine guidelines (Filing Nos. 56, 59). The probation office has submitted a worksheet. Defense counsel entered an appearance (Filing No. 61.) The Court has considered the government's response (Filing No. 63).

The Defendant was sentenced in relevant part to concurrent terms of 188 months imprisonment on each of counts II and III of the Indictment. (Filing No. 49.) As a career offender his total offense level under U.S.S.G. § 4B1.1 was 31, his criminal history category was VI, and his guideline range was 188-235 months. (Filing No. 50.)

The Eighth Circuit has stated that a career offender's base offense level is determined under U.S.S.G. § 4B1.1 and not U.S.S.G. § 2D1.1. The sentencing commission lowered the levels under § 2D1.1(c) and did not amend § 4B1.1. *United States v. Thomas,* 524 F.3d 889, 890 (8th Cir. 2008). Therefore, the crack cocaine amendments have no effect on this Defendant's case, and his sentence cannot be lowered under the crack cocaine amendments to the guidelines.

IT IS ORDERED that the Defendant's motions to reduce his sentence as a result of Amendment 706 to the crack cocaine guidelines (Filing Nos. 56, 59) are denied.

DATED this 21st day of July, 2008.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge