IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:05CR426 |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM |
| vs. | ) | AND ORDER |
| | ) | |
| JAMES L. BENNETT, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 85) filed by the Defendant, James L. Bennett.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

Bennett pleaded guilty to Counts II, III, and IV of the Indictment charging him with: possession with intent to distribute 5 grams or more of a mixture or substance containing cocaine base (Count II); possession with intent to distribute less than 500 grams of a mixture or substance containing cocaine (Count III); and criminal forfeiture (Count IV). (Filing No. 32.)  The parties entered into the plea agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C).  The plea agreement required a sentence of 188 months

imprisonment, considering Bennett's career offender status and that his "prior convictions [were] enhanceable under 21 U.S.C. § 851."[1] (Filing No. 31, ¶ 8.) The PSR placed Bennett in a sentencing guideline range of 188-235 months, based on total offense level 31 and criminal history category VI. (Filing No. 47.) He was sentenced to 188 months imprisonment on Counts II and III to be served concurrently, and to concurrent supervised release terms of five years on Count II and three years on Count III. (Filing No. 49.) Bennett waived his right to appeal. (Filing No. 31, ¶ 15.)

Bennett filed a motion for reduction of his sentence based on the amendments to the crack cocaine sentencing guidelines. (Filing Nos. 56, 59.) The Court denied the motions because Bennett's career offender status precluded an adjustment. (Filing No. 64.) The Eighth Circuit Court of Appeals affirmed this Court's decision. (Filing No. 69.)

Bennett also filed a motion seeking adjustment of his sentence under 18 U.S.C. § 3582 and Federal Civil Rule of Procedure 60(b). (Filing No. 75.) This motion was denied (Filing No. 76), and the Eighth Circuit affirmed this Court's decision (Filing No. 83).

## DISCUSSION

**TIMELINESS**

28 U.S.C. § 2255 provides that a § 2255 motion must be filed within one year of the following:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United

---

[1] The Presentence Investigation Report ("PSR") reveals two prior felony drug convictions. (Filing No. 47, ¶¶ 37, 46, 48.)

2

    States is removed, if the movant was prevented from making a motion by such governmental action;

    (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1)-(4).

    Bennett's Judgment was entered on June 2, 2006, and became final when he did not file an appeal. *Anjulo-Lopez v. United States,* 541 F.3d 814, 816 n.2 (8th Cir. 2008). His § 2255 motion was filed on October 23, 2009. Although this Court and the Eighth Circuit ruled on two post-sentencing motions, those matters did not toll the time for filing Bennett's § 2255 motion because in deciding those matters neither court entered a "judgment of conviction." *Byers v. United States,* 561 F.3d 832, 835 (8th Cir. 2009). Bennett argues that the doctrine of equitable tolling should apply, because his counsel was allegedly ineffective during his plea negotiations. Bennett's argument fails for several reasons, and most importantly because Bennett only claims that his attorney was ineffective in advising him during his plea negotiations and not that his attorney advised him incorrectly regarding the filing of his § 2255 motion. *See id.* at 836. The triggering factors set out in § 2255(f)(2) through (4) do not apply. Therefore, Bennett's petition is untimely.

**MERITS**

    Even assuming that Bennett's petition was timely filed, Bennett's claim of ineffective assistance of counsel at the plea stage fails. In order to establish ineffective assistance

of counsel, Bennett must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires Bennett to demonstrate that his counsel's seriously deficient performance prejudiced his defense. *Id*. at 687.

Bennett claims that his attorney, Rebecca Smith, did not "properly advise" him of the elements of the crimes to which he pleaded guilty and of the difference between cocaine base and powder cocaine. Bennett argues that had he been "properly advised," he would not have pleaded guilty. (Filing No. 85, ¶ 12.)

Bennett's plea agreement was reached under Federal Rule of Criminal Procedure 11(c)(1)(C), and the parties agreed on a 188-month term of imprisonment after considering Bennett's career offender status and that his prior convictions were enhanceable under 21 U.S.C. § 851. (Filing No. 31, ¶ 8.) In completing his petition to enter a plea of guilty, Bennett answered that he: was satisfied with his attorney and had no objections to her representation; understood the charges and the statutory penalties; was voluntarily pleading guilty; and wanted no other information or advice before pleading guilty. (Filing No. 30, ¶¶ 5(d)-(e), 6, 13, 34, 41.) The transcript of Bennett's change of plea hearing reveals that he: discussed the nature of the crimes charged with his attorney;  had no questions about the elements of proof relating to Counts II, III, and IV; was satisfied with his attorney's advice; understood the statutory penalties; completed and reviewed the plea petition and agreement with his attorney; asked questions of his attorney regarding his plea

documents and received satisfactory answers; had no remaining questions regarding the plea petition or plea agreement; was freely and voluntarily pleading guilty; agreed that the information in the government attorney's factual basis would be the government's evidence if he had gone to trial; and agreed that each element of each of the crimes to which he was pleading guilty could be proven.  (Filing No. 36, at 8-10, 14-19, 26, 29.)

According to the PSR, Bennett was held responsible for 12.7 grams cocaine base and 328 grams of powder cocaine.  The powder cocaine did not affect his placement in base offense level 26 under the 2005 sentencing guidelines.  (Filing No. 47, ¶ 31.)  As a career offender, Bennett's adjusted offense level was raised from 26 to 34.  (*Id.*, ¶ 37.)  The government did not file an Information alleging that Bennett's two prior convictions should increase his statutory penalties on under 21 U.S.C. § 841(b)(1)(B) & (C).

Bennett does not argue that he did not possess crack cocaine with intent to deliver as alleged in Count II.  The facts support his possession of crack cocaine.  Bennett does not argue that he possessed a specific amount of either crack cocaine or powder cocaine. Bennett does not dispute his career offender status, which is supported by the facts. Bennett only argues that he did not understand the difference between crack and powder cocaine, and his argument is not supported by the record.  Bennett has not shown that he involuntarily or unknowingly pleaded guilty, or that going to trial would have benefitted him. Therefore, evan assuming for the sake of argument that Bennett has shown the first prong of the *Strickland* test, he cannot prove the second prong relating to prejudice.

## CONCLUSION

Because it plainly appears from the § 2255 motion and the record that Bennett is not entitled to relief, Bennett's § 2255 motion must be summarily dismissed.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 85);

2. Upon initial review, the Court summarily dismisses the Defendant's claim raised in the § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk is directed to mail a copy of this Memorandum and Order to the Defendant at his last known address.

DATED this 1st day of December, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge